**Clifford Ray HALL, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

June 14, 1968.

John Lackey, Hindman, for appellant.

John B. Breckinridge, Atty. Gen., Frankfort, for appellee.

DAVIS, Commissioner.

Clifford Ray Hall appeals from an order overruling his motion for post-conviction relief under RCr 11.42. The motion was denied without an evidentiary hearing. Hall had pleaded guilty to a charge of armed robbery and is presently serving a life sentence at Eddyville.

Included in a rambling, somewhat incoherent, RCr 11.42 motion purportedly prepared by appellant without assistance of counsel is an allegation that his court-appointed counsel refused to prepare a defense for appellant on the ground that he was not receiving compensation. The motion avers that in the original trial the attorney placed the appellant in extreme duress and coerced him into entering the plea of guilty by reason of counsel's persistent refusal to enter upon a trial without compensation.

The attorney who had been appointed at the original trial (not the same attorney who appears by appointment on this appeal) made an affidavit, which was filed with the appellee's response in the trial court, categorically denying the allegations of the motion and affirmatively asserting that he had been willing at all times to afford his best efforts for appellant. In face of this affidavit, coupled with a stenographic report containing a purported incriminatory statement of the appellant, the trial judge denied the motion for post-

conviction relief without an evidentiary hearing.

In Jones v. Commonwealth, Ky., 389 S.W.2d 927, and Lewis v. Commonwealth, Ky., 411 S.W.2d 321, we held that allegations contained in an RCr 11.42 motion that appointed counsel had refused to defend the defendant unless he pleaded guilty, coupled with the averment that the guilty plea had been entered under duress, were sufficient to require an evidentiary hearing on the motion and on the question of whether the plea of guilty was made voluntarily and free of duress. It is true that in Jones v. Commonwealth, Ky., 411 S.W.2d 37, we rejected the alleged errors of the RCr 11.42 hearing that had followed as the result of our decision in Jones v. Commonwealth, Ky., 389 S.W.2d 927, and concluded that the trial court had properly found that the guilty plea was voluntary and that there was no merit in the motion which had been presented. That decision is not authority for refusing the evidentiary hearing in face of the allegation as contained in the present record despite the countering affidavit.

We comprehend and appreciate the reluctance of the trial courts to afford evidentiary hearings looking toward a "swearing match" between a local attorney and an inmate of the penitentiary. It is reprehensible that indigent convicts may impugn the integrity of conscientious lawyers who serve them well and sacrificially. On the other hand, it would be equally intolerable for a court-appointed lawyer to deliberately decline effective assistance and coerce a plea of guilty. We hasten to point out that we do not suggest that this has occurred in this or any other case, but under our system of trial, the opportunities for confrontation and cross-examination are deemed imperative as minimal requirements for orderly process in resolving disputed issues of fact. In light of these circumstances, it was error for the trial court to deny appellant an evidentiary hearing at which he could be present with full opportunity to participate. What we are holding here is not inconsistent with our holding in

Odewahn v. Ropke, Ky., 385 S.W.2d 162. In the case at bar, the investigation of the allegations without the personal presence of the prisoner cannot be appropriately accomplished. The proper officials can and will undertake such prosecutive actions as are provided which may look toward deterrents of false swearing in any appropriate case.

The judgment is reversed with directions to afford the appellant a hearing at which he may personally appear.

WILLIAMS, C. J., and MILLIKEN, PALMORE, and STEINFELD, JJ., concur.

EDWARD P. HILL, MONTGOMERY, and OSBORNE, JJ., dissent.

MONTGOMERY, Judge (dissenting).

I respectfully dissent from the majority opinion because the record before us is sufficient to sustain the holding of the trial judge in refusing to vacate the judgment pursuant to a motion under RCr 11.42. A further reason is that upon the whole record of the case, in my opinion, the substantial rights of the appellant have not been prejudiced. RCr 9.24 and 9.26. These two rules, in substance, provide that a conviction shall not be set aside unless upon consideration of the whole case "the court is satisfied that the substantial rights of the defendant have been prejudiced."

The record shows that the appellant, in company with another, committed armed robbery of a taxi driver, fired nine shots into him, and ran him over a mountainside. At no place does appellant deny the facts of the case or say that he is innocent. He now complains that his appointed counsel forced him to plead guilty and accept a life sentence. He could have received the death penalty had he been tried before a jury. KRS 433.140. Under this record, appellant's appointed counsel did him a favor, whether he coerced appellant into pleading

guilty or not. Appellant was fortunate in being able to get a life sentence instead of a death penalty.

There is a hollow ring to appellant's plea that he was forced to plead guilty. This is reflected in the reluctant attitude apparent in the majority opinion. There is no sufficient explanation why appellant stood in open court and entered his plea of guilty. With reference to a plea of guilty, RCr 8.08, in part, provides:

"The court may refuse to accept a plea of guilty, and shall not accept the plea without first determining that the plea is made voluntarily with understanding of the nature of the charge."

In the absence of an allegation or testimony to the contrary, it must be presumed that the trial court did his duty and determined that the plea was "made voluntarily with understanding of the nature of the charge." To hold otherwise is a severe condemnation of the trial judge, which is wholly unjustified. The majority opinion is a condemnation of the appointed counsel, which is unjustified on the record.

Further, by RCr 8.10, a plea of guilty may be withdrawn at any time before judgment. I am sure that appellant did not want to withdraw his plea of guilty and thus jeopardize his life sentence. I am equally sure that if the trial court were to indicate now that appellant's motion to vacate such judgment would be set aside and a new trial granted at which the appellant could receive a death sentence, he would seek to dismiss his motion in a hurry. He does not want a new trial; he wants a free trip home to relieve him from the tedium of prison life.

The action of the majority of this court in sustaining appellant's motion encourages criminals to make scurrilous, unfounded attacks on the courts and counsel and to subject them to unwarranted harassment in the performance of their duties. Such action also renders pointless one of the purposes in having RCr 11.42 motions heard in the court in which the judgment was rendered where the trial judge might have knowledge of the proceeding, as this judge undoubtedly did.

I feel that justice has been done in this case and that appellant's substantial rights have not been prejudiced.

EDWARD P. HILL and OSBORNE, JJ., concur in this dissent.