■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MATTHEW WALKER, Appellant.— Order of the County Court, Suffolk County, dated March 20, 1968, affirmed. No opinion. The notices of appeal, dated in February, 1968, erroneously referred to the order appealed from as being dated February 19, 1968. We have treated them as valid (Code Crim. Pro., § 524-c). Rabin, Acting P. J., Benjamin, Munder, Martuscello and Kleinfeld, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. BARNEY WOLFSON, Appellant.— Order of the Supreme Court, Kings County, dated June 14, 1967, affirmed. Defendant was indicted on October 15, 1931 for murder in the first degree. During the trial he entered a plea of guilty to murder in the second degree and was sentenced on March 21, 1932, to a term of 25 years to life. About 30 years later he obtained a vacatur of the judgment on the ground that the guilty plea had been induced by a promise of a sentence of 20 years to life. He was rearraigned under the charge of murder in the first degree and a plea of guilty to murder in the second degree was again accepted. On May 9, 1961 he was resentenced to a term of 20 years to life; and in the present *coram nobis* proceeding he sought to vacate the judgment of May 9, 1961 on the ground that his rearraignment under the charge of murder in the first degree constituted double jeopardy. In our opinion, the application was properly denied. Under the circumstances herein defendant was not subjected to double jeopardy (*United States* v. *Tateo*, 377 U. S. 463). The holdings in *United States ex rel. Hetenyi* v. *Wilkins* (348 F. 2d 844, cert. den. *sub nom. Mancusi* v. *Hetenyi*, 383 U. S. 913) and *People* v. *Ressler* (17 N Y 2d 174), both of which involved convictions after trial of a lesser degree of the crime charged, are not in point. In those cases a jury had been given the opportunity to find the defendant guilty of the higher degree of crime and the defendant had thereby been placed in jeopardy (see *People* v. *Jackson*, 20 N Y 2d 440, 448). Defendant's other contentions have been considered and rejected. Christ, Acting P. J., Brennan, Rabin, Hopkins and Kleinfeld, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. CLARENCE PERKINS, Appellant, v. WARDEN, QUEENS HOUSE OF DETENTION FOR MEN, Respondent.— Judgment of the Supreme Court, Queens County, dated July 17, 1968, affirmed, without costs. Concededly, an available avenue is open to relator to test the validity of the identification procedures. Christ, Acting P. J., Brennan, Rabin, Hopkins and Kleinfeld, JJ., concur.

■ RENMAR ENTERPRISES, INC., et al., Appellants, v. MONSAX CORP. et al., Respondents, et al., Defendants.— Judgment of the Supreme Court, Suffolk County, entered September 4, 1968, affirmed, with one bill of costs jointly to respondents filing separate briefs. In our opinion, implicit in the decision by Special Term granting plaintiffs' motion to modify its earlier decision, and in the third decretal paragraph of the judgment entered in accordance therewith, which judgment is presently under review, is a ruling that upon satisfaction of the judgment and after payment of the necessary adjustments as determined by an accounting, plaintiffs will be entitled to a conveyance of the property deposited with defendant Welson as security. Accordingly, we deem it unnecessary to modify the judgment. Christ, Acting P. J., Brennan, Rabin, Hopkins and Kleinfeld, JJ., concur.