**Oval BROOKS, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Oct. 10, 1969.

As Modified on Denial of Rehearing Dec. 5, 1969.

Oval Brooks, pro se.

John B. Breckinridge, Atty. Gen., George F. Rabe, Asst. Atty. Gen., Frankfort, for appellee.

DAVIS, Commissioner.

Oval Brooks, a prisoner confined in the penitentiary on a life sentence for armed robbery, filed a motion pursuant to RCr 11.42 to vacate the judgment of conviction. The motion was denied without an evidentiary hearing, and this appeal followed. The appellant presented two grounds in his motion to vacate and urges them here: (1) It was illegal for him to be indicted for armed robbery subsequent to the setting aside of a previous conviction for assault with intent to rob, and (2) his plea of guilty was coerced by his court-appointed lawyer, who declined to adequately represent him because he was indigent.

Romel Ferguson was jointly indicted with the appellant, but he was tried upon a plea of not guilty before the appellant entered his guilty plea. Ferguson appealed his conviction to this court, but the judgment was affirmed. See Ferguson v. Commonwealth, Ky., 401 S.W.2d 225, cert. den., 385 U.S. 938, 87 S.Ct. 302, 17 L.Ed.2d 217, in which much background information pertinent to the present appeal is contained. It is noteworthy that Ferguson also received a life sentence at the hands of the jury.

The appellant and Ferguson were jointly indicted on March 2, 1964, by the Butler County grand jury. Nine separate indictments were returned against them, two of which were for assault with intent to rob, three for dwelling-house breaking, three for possession of burglarious tools, and one for grand larceny. Two of those indictments charged breaking into the dwelling house and robbery of Jasper Lindsey. On March 6, 1964, with court-appointed counsel, the appellant and Ferguson submitted guilty pleas to the charge of assault with intent to rob Lindsey in contravention of KRS 433.150 and waived trial by jury. Each of them was sentenced to imprison-

ment for life. The other indictments outstanding against appellant and Ferguson were then dismissed upon motion of the Commonwealth's attorney.

On April 29, 1964, appellant and Ferguson filed their joint motion to vacate their convictions pursuant to RCr 11.42, asserting many irregularities including ineffective assistance of counsel, threat of the death sentence if they refused to accept a life sentence on pleas of guilty, and unlawful search and seizure. After certain motions and responses were filed in that proceeding for vacation of the judgment, the motion to vacate was sustained by agreement of the parties at a hearing on June 8, 1964, at which time the indictment against appellant and Ferguson was dismissed over the objection of the Commonwealth, and the matter was referred to the grand jury of Butler County for further action. The grand jury for Butler County returned its indictment on July 9, 1964, charging the appellant and Ferguson with armed robbery of Jasper Lindsey, as denounced by KRS 433.140. The present conviction is under that indictment. Appellant and Ferguson were arraigned upon the indictment on July 10, 1964, appearing by counsel and entering pleas of not guilty. Various motions to dismiss the indictments were overruled, and the trial date was fixed for November 4, 1964. The record discloses that on November 4, 1964, the appellant, through his appointed counsel, moved the court for severance for purpose of trial as to the indictment for armed robbery. An order of that same date reflects that an attorney who had theretofore represented both defendants was permitted to withdraw as attorney for appellant Brooks, an attorney was then appointed for appellant, and his motion for separate trial was sustained. The Commonwealth elected to try Ferguson first, and appellant's trial was reassigned to November 12, 1964. As noted, Ferguson's trial resulted in his conviction and sentence to imprisonment for life.

When appellant's case was called on November 12, 1964, he appeared in open court with his attorney who had been appointed for him on November 4, 1964, and announced in open court, in the presence of his attorney, that he desired to enter a plea of guilty with the jury to fix his punishment. A jury was duly qualified and, after proper instruction by the trial judge, returned its verdict on the guilty plea fixing appellant's punishment at confinement in the penitentiary for life. The court record reflects the allocution at which appellant was afforded opportunity to show any legal cause why judgment should not be pronounced. He failed to disclose any such cause.

The motion to vacate now under consideration was filed March 3, 1969, with Brooks acting pro se. The gist of the first ground asserted in that motion is that the court acted vindictively in permitting Brooks to be indicted for armed robbery (KRS 433.140) rather than armed assault with intent to rob (KRS 433.150) of which he had formerly been convicted. Brooks asserts that the action of the trial court in permitting him to be indicted for armed robbery under the statute which at that time provided for punishment upon conviction of imprisonment for life, or death, demonstrated vindictiveness on the part of the prosecuting officials since he had previously been indicted and convicted under KRS 433.150, which then provided for twenty-one years or for life, or a death sentence. There is no merit in this argument. Nothing in North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L. Ed.2d 656, or Benton v. Maryland, 395 U. S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707, affords comfort to the appellant in support of his contentions as to this argument. In North Carolina v. Pearce, the Supreme Court pointed out that whenever a *judge* imposes a more severe sentence upon a defendant after granting him a new trial the reasons for his so doing must affirmatively appear. The Supreme Court said this must be done in order to assure the absence of any motivation of vindictiveness and to free a defendant of apprehension of

such retaliatory motivation. A *jury*, not a *judge*, fixed the life sentence on appellant's plea of guilty. The sentence was the same which he had received upon his earlier plea of guilty, although the jury which fixed it was not permitted to know what the earlier punishment had been. Moreover, there is a complete absence of prejudice, inasmuch as the appellant received a life sentence in each instance. RCr 9.24. Benton v. Maryland, supra, has no application since appellant was never acquitted of any degree of the offense for which he now stands convicted. Double jeopardy is not involved in this proceeding.

▮ It is pointed out that the rule announced in North Carolina v. Pearce, supra, requires that this appellant be allowed "credit" on his present life term for such period of time as he was confined in the penitentiary, pursuant to the judgment of conviction subsequently vacated. KRS 197.041 ordains that credit for the prisoner's time of confinement in the penitentiary pending appeal be allowed as to confinement based on conviction following reversal. The same credit is allowable if the original conviction is vacated in the trial court.

The exact allegations made by appellant in his RCr 11.42 motion respecting ineffective aid of counsel and coercion to plead guilty are as follows:

"Petitioner further states that he was defended by the ineffective aid of Court appointed Counsel in as much as counsel at the November term trial 1964 was appointed the instant this petitioner walked in the court room and counsel refused to listen to the exact nature and import of the alleged crime, and would not take time or ask for a continuance to adequately prepaire (sic) a defense, simply because he was not being compensated.

"This, this petitioner really wanted a trial by jury with the right to be confronted by his accusers, but he was coerced by counsel to enter a plea of guil-

ty, because counsel refused to challenge the jury, or question the en nounced (sic) indictment, or question the fact that there was no written instructions and all because counsel said he was not being compensated.

"Therefore, counsel used coercion and intimidation to persuade petitioner to plead guilty because he was not being compensated, and refused to prepare for a defense after being appointed at the instant of the trial proceeding and same constitutes ineffectiveness."

Appellant argues that our decision in Hall v. Commonwealth, Ky., 429 S.W.2d 359, requires reversal with directions to afford appellant an evidentiary hearing to resolve the factual issues presented. We are not so persuaded.

▮ It will be observed that appellant alleged that his counsel was appointed "the instant this petitioner walked in the court room." The record refutes that on its face, since it is shown that counsel was appointed on November 4, and successfully obtained a severance and postponement to November 12. No hearing was required as respects that phase of the allegation since it stands refuted on the face of the record. Cf. Maggard v. Commonwealth, Ky., 394 S.W.2d 893.

The bare allegations that "counsel refused to listen to the exact nature and import of the alleged crime and did not take time or ask for a continuance to adequately prepare a defense simply because he was not being compensated" are refuted on the face of the record itself. It is obvious that the appointed counsel was cognizant of the nature and import of the crime by reason of the full-blown jury trial afforded Ferguson. The suggestion that the lawyer "did not take time or ask for a continuance to adequately prepare a defense" is conclusory, nebulous, and vaporous. There is no suggestion that any time was needed to prepare for a defense nor that any legal ground for continuance existed. What preparation for what defense is not hinted.

When appellant claims that "he was' coerced by counsel to enter a plea of guilty because counsel refused to challenge the jury, or question the announced indictment, or question the fact that there was no written instructions," he simply alleges a non sequitur. Even if it could be imagined that the alleged "failures" of the lawyer in these respects occurred, it is impossible to ascribe to them the effect of coercing the appellant to plead guilty. It is obvious that the plea of guilty was entered before any possible challenge to the jury or objection to the instructions could have been presented, so the record refutes these claims on its face. If the lawyer declined to challenge the indictment, he may have done so because of his conviction that no meritorious · challenge could have been made. The lawyer's exercise of judgment in that premise patently falls short of "coercion" to plead guilty. In short, the allegations of the motion stand refuted of record, and the trial court properly denied the motion to vacate without an evidentiary hearing. King v. Commonwealth, Ky., 408 S.W.2d 622.

■ Although we recognized in Commonwealth v. Miller, Ky., 416 S.W.2d 358, that more liberal standards apply as to convicts proceeding pro se by reason of indigency, we do not retreat from the precept required by the rule itself in which it is stated:

> "The motion shall be signed or verified by the movant and shall state *specifically* the grounds on which the sentence is being challenged and the *facts* on which the movant relies in support of such grounds. Failure to comply with this section shall warrant a summary dismissal of the motion." RCr 11.42(2). (Emphasis added.)

When the so-called facts fail to support the ground alleged, there is no necessity for a hearing.

The judgment is affirmed.

All concur.