Elmer FORD, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

May 1, 1970.

———◆———

Elmer Ford, pro se.

John B. Breckinridge, Atty. Gen., Douglas E. Johnson, Asst. Atty. Gen., Frankfort, for appellee.

MILLIKEN, Judge.

This case exemplifies the proper procedure to be followed by trial courts in accepting guilty pleas, and how following the procedure forecloses some questions subsequently raised in post-conviction proceedings.

This is an appeal from a judgment overruling without a hearing, petitioner's motion under RCr 11.42 to vacate his conviction. Appellant alleged that his court-appointed counsel refused to prepare a defense for him simply because he was not being compensated. He asserted that his lawyer did not consult with him from the time of appointment to the time of trial. It is further alleged that counsel coerced appellant to plead guilty over his objections. In Hall v. Commonwealth, Ky., 429 S.W.2d 359 (1968) and Carter v. Commonwealth, Ky., 450 S.W. 2d 257 (1970) almost identical allegations were made and we held that the appellants were entitled to hearings on their RCr 11.42 motions. See also Lewis v. Commonwealth, Ky., 411 S.W.2d 321 (1967) and Jones v. Commonwealth, Ky., 389 S.W.2d 927 (1965).

The Commonwealth correctly distinguishes the case at bar from this line of cases on the ground that the record in this case shows that the trial court made an inquiry to determine whether the appellant voluntarily made a plea of guilty. They point out that in the Hall case, for example, the record did not affirmatively show that the court had inquired into the voluntariness of the appellant's plea. The Commonwealth argues that without the allegation of a coerced plea of guilty, appellant's assertion of ineffective representation would not, by itself, provide a basis on which a hearing should be granted. In support of its contentions, the Commonwealth cites several cases, the most recent being Brooks v. Commonwealth, Ky., 447 S.W.2d 614 (1969) in which the appellant's contentions were refuted by the record.

As heretofore stated, the trial judge in the case at bar refused to grant Ford a hearing on his RCr 11.42 motion to set aside his conviction, and the reason for his refusal is apparent from the record itself as the trial judge stated in his order of December 4, 1969 refusing Ford the post-conviction relief sought. The trial order of September 23, 1969 reveals the circumstances of Ford's conviction. It says:

"Upon motion of the defendant, and the defendant announcing to the Court

in open court that he wished to have an immediate trial. Then came the defendant accompanied by his attorney, W. R. Tapp, and the Commonwealth by its attorney and both parties announced ready for trial. The defendant waived a trial by jury and submitted himself to trial by the Court, and on advice of counsel, and the defendant personally entered a plea of guilty to the charge of Grand Larceny, as set out in the indictment. Thereupon the Court by inquiry of the defendant determined that he thoroughly understood the nature and consequences of his waiver and inquired of the defendant if any promises or representations of any nature had been made to him by anyone whatsoever to influence him to enter said plea of guilty to which inquiry the defendant personally answered in open court that there had not been. Thereupon the Court accepted the guilty plea made personally by the defendant and upon recommendation of the Commonwealth Attorney now fixes the punishment of the defendant at confinement in the Kentucky State Penitentiary at Eddyville, Kentucky for a period of three (3) years.

Came Defendant by Attorney and filed a Motion for Probation and the hearing on the Motion for Probation is ordered set for the third Saturday of the present term. The defendant was then remanded to the custody of the Jailer of Hopkins County."

We have quoted the trial judge's order because it substantially conforms to recent decisions of the U. S. Supreme Court which require the trial judge, before accepting a guilty plea, to address the accused to assure that he understands the essential elements of the charge and the consequences of his plea of guilty, and hold that failure to so address the accused requires a new hearing with the accused given an opportunity to plead anew. McCarthy v. U. S., 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed. 2d 418 (1969); Halliday v. U. S., 394 U.S. 831, 89 S.Ct. 1498, 23 L.Ed.2d 16 (1969);

Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); 18 U.S.C.A. Rule 11. Nevertheless, the Supreme Court refused to make these requirements retroactive, although binding on state courts also through the due process clause of the Fourteenth Amendment. The procedure thus required, and followed by the trial court in the case at bar, enables the trial court in post-conviction proceedings to refute from the record charges like the ones presented here and also averts the need of a further hearing.

The judgment is affirmed.

All concur.

OSBORNE, Judge (concurring).

I hope the court means what it is saying in this opinion. I have insisted for some time that hearings should not be required when the court record refuted the allegations of the 11.42 application. In the past, the court has refused to adopt this position. It will be interesting to see if it follows it in the future.