PEOPLE *v.* BURT

1. CRIMINAL LAW—JEOPARDY—PLEA OF GUILTY.

   Jeopardy does not attach in the case of a plea of guilty, at least not until the defendant has been sentenced.

2. CRIMINAL LAW—PLEA OF GUILTY—EXAMINATION—COURT RULE.

   Court rule governing the examination of a criminal defendant who has offered his plea of guilty requires the court to elicit from the defendant a recitation of what the defendant, in fact, did and requires the court not to accept the plea if it is not satisfied that the elements of the offense pleaded to have actually taken place (GCR 1963, 785.3[2]).

3. CRIMINAL LAW—PLEA OF GUILTY—PLEA BARGAINING—REFUSAL TO ACCEPT PLEA.

   Defendant's conviction of robbery armed was affirmed where the defendant had been convicted by a jury of the crime, even though the defendant had originally offered a plea of guilty to robbery unarmed in a plea-bargaining arrangement, but the court, being unsatisfied that the elements of robbery unarmed had been established, refused to accept the plea.

Appeal from Muskegon, Charles A. Larnard, J. Submitted Division 3 October 16, 1970, at Marquette. (Docket No. 8869.)   Decided December 10, 1970.

REFERENCES FOR POINTS IN HEADNOTES

[1]  21 Am Jur 2d, Criminal Law § 476.
   Plea of guilty as basis of claim of double jeopardy in attempted subsequent prosecution for same offense.   75 ALR2d 683.
[2]  21 Am Jur 2d, Criminal Law §§ 459, 484–496.
[3]  21 Am Jur 2d, Criminal Law § 494.

Ezzard Charles Burt was convicted of armed robbery. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Paul M. Ladas,* Prosecuting Attorney, and *William A. Sundquist,* Assistant Prosecuting Attorney, for the people.

*White, Spaniola, Knudsen & Stariha* (by *Denis V. Potuznik*), for defendant.

Before : FITZGERALD, P. J., and McGREGOR and O'HARA,* JJ.

O'HARA, J. The precise and only question presented by this appeal is whether the trial judge may accept a plea of guilty and thereafter, upon his own motion, vacate it and require the defendant to stand trial on a charge more serious than that to which he had previously entered the plea.

Defendant and two others were arraigned together under a single count information charging robbery armed.

The prosecutor moved to amend the information to include a count of robbery unarmed. The former charge carries a sentence of any number of years to life; the latter carries a fifteen-year maximum. The defendant consented to the amendment and the court granted the motion.

The elaborate formal motion to amend to add an already included lesser offense and the pointed obtaining of the defendant's consent, which was the people's right, consented to or not, strongly suggest a negotiated plea.

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

At the conclusion of the court's rule-required examination of the three defendants, the judge was not satisfied that the elements of the offense had been properly established. He noted further, that discrepancies in the varying accounts of the three participants indicated, at the very least, a lack of candor on their parts in response to his questioning.

Trial was ordered on the original charge of robbery armed. Defendant waived a jury and was tried by the court. He was found guilty. He appeals, asserting the defense of double jeopardy.

The claim is without merit. A similar claim has been rejected by this court in *People* v. *Garcia* (1969), 19 Mich App 465.

Every court which has considered defendant's claim that double jeopardy is created by these circumstances has rejected it. *Ward* v. *Page* (CA10, 1970), 424 F2d 491; *Metz* v. *Maroney* (CA3, 1968), 404 F2d 233; *People* v. *Seipel* (1969), 108 Ill App 2d 334 (247 NE2d 905); *Brooks* v. *Commonwealth* (1969), 447 SW2d 614; *People* v. *Wolfson* (1969), 32 AD2d 813 (302 NYS2d 217).

The unanimous conclusion of the courts which have considered this question is that jeopardy does not attach in the case of guilty pleas, at least not until defendant is sentenced. We must perforce reject appellant's stated ground of appeal.

We cannot escape what we consider our responsibility to comment upon operation of GCR 1963, 785.3(2), when followed literally as the trial judge followed it in this case:

"If the accused pleads guilty, after such plea and before sentence the court shall inform the accused of the nature of the accusation and the consequence of his plea; and regardless of whether he is represented by counsel, the court shall examine the accused, not necessarily under oath, and as a condi-

tion of accepting the plea of guilty and imposing sentence shall ascertain that the plea was freely, understandingly, and voluntarily made, without undue influence, compulsion, or duress, and without promise of leniency. Unless the court determines that the plea of guilty was so made, it shall not be accepted."

By reason of judicial construction, this rule has been held to require the court to elicit from the defendant a recitation of what he, in fact, did. This is to say that the defendant is compelled to state the very facts which would be the issues upon trial. It is to be noted that the rule requires this be "after such plea and before sentence" and the court is enjoined not to accept the plea if it is not satisfied that the elements of the offense pleaded to have actually taken place.

Two questions immediately suggest themselves. When, as in the case at bar, the court is not satisfied with the recitation of facts and orders the defendant to stand trial, and a jury is waived, as here, by what method of judicial alchemy does the judge expunge from his mind the elicited facts and accord the defendant the presumption of innocence which he is supposed to enjoy.

Secondly, as here, double jeopardy aside, what of the fundamental concept of fairness where the court, as here, has accepted the plea to a lesser included offense? The defendant has relied on its acceptance. He has dutifully recited what he has done, secure in the expectation that he has legitimately negotiated[1] a final disposition of the charge against him. Then he finds, as here, that the acceptance has been rescinded. He now is forced to stand trial on the offense charged even though a plea to a lesser offense was bargained for.

---

[1] A euphemism for "copping a plea".

We thus express our concern in the hope that the problems mentioned will have the thoughtful attention of bench and bar and possible remedial action.

Under the court rule as presently interpreted by the ultimate judicial authority of our state, we reluctantly affirm the conviction.

All concurred.