*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

JANELLE VANESS,

      Defendant-Appellant.

FOR PUBLICATION
October 17, 2024
12:08 PM

No. 369132
Ionia Circuit Court
LC No. 2023-036051-AV

Before: SWARTZLE, P.J., and REDFORD and FEENEY, JJ.

FEENEY, J.

A plea or not a plea—that is the question posed.[1]  Defendant appeared before a non-attorney magistrate in district court to be arraigned on a charge of operating while intoxicated, high blood alcohol content ("OWI, high BAC")[2] and offered to plead guilty as charged.  But the district court magistrate concluded that she lacked the authority to take defendant's guilty plea.  Thus, defendant never said she was "guilty" of the charge.  And there's the rub.

The magistrate put the matter down for a plea and sentencing before the district court judge.  But before defendant could plead in front of the district court judge, the prosecutor discovered, after taking a closer look, that there was more to the story, thus resulting in a felony charge replacing the original misdemeanor charge.  Defendant now argues that the magistrate did have the authority to take her plea and, had the plea been taken, the prosecutor would have been precluded from changing the charge from the misdemeanor to the felony.

For the reasons to be discussed, we conclude (1) while there was an offer of a plea by defendant, no plea was actually taken, (2) the magistrate did not have the authority to take a plea that was binding on the district court judge, and (3) because the district court judge had not yet

---

[1] With apologies to Shakespeare.

[2] MCL 257.625(1)(c).  "High BAC" is defined by that statute as having a blood alcohol content of 0.17 grams or more per 100 milliliters of blood.

taken a plea and sentenced defendant, defendant's mere offer to plead guilty was not sufficient for jeopardy to have attached before the prosecutor took action to replace the original misdemeanor charge with the felony charge of OWI, high BAC, third offense (OWI 3rd), a felony with a maximum penalty of a $5,000 fine and five years' imprisonment.[3] Therefore the prosecutor was free to amend the complaint and charge defendant with the felony. Accordingly, we affirm and remand the matter to the district court so that proceedings on the felony charge may continue.[4]

## I. FACTUAL BACKGROUND

After discovering that she had an outstanding warrant for her arrest, defendant appeared voluntarily with her attorney in the district court on June 23, 2023, to be arraigned on the charge of OWI, high BAC. Defendant appeared before nonattorney District Court Magistrate Clark. Magistrate Clark informed defendant of the charge against her and of the maximum penalty, which was 180 days in jail or a fine of $200 to $700, or both,[5] and verified that defendant understood both the charge and the maximum penalty. The magistrate also verified that defendant had signed her "advice of rights" form and understood her rights. Then the following exchange occurred:

> *The Court*: Okay. And we have your attorney, Mr. Burns, here.
>
> *Mr. Burns* [defense counsel]: Yes.
>
> \* \* \*
>
> *Mr. Burns*: Dan Burns on behalf of Ms. VanEss.
>
> *The Court*: Okay. And I will go ahead and schedule you for—
>
> *Mr. Burns*: We're gonna enter a guilty plea.
>
> *The Court*: I'm sorry?
>
> *Mr. Burns*: We're gonna enter a guilty plea.
>
> *The Court*: Oh, okay. Very good.
>
> *Mr. Burns*: And then, we can set it for a presentence or however you'd like to do it.

---

[3] See MCL 257.625(9)(c).

[4] Although it appears from the record that a preliminary examination on the felony charge had been scheduled, it is not clear to us whether that has ever happened. We presume that it is still necessary for the district court to conduct the examination or receive defendant's waiver of the examination.

[5] MCL 257.625(9)(a)(ii).

*   *   *

> *The Court*: Okay. Let's see here, Monday—I'll have to look at my calendar real quick. Let's do July 17th, if that works, at 10:00 a.m.

The magistrate then gave defendant a "$700 PR" bond and explained the conditions of the bond. After a few moments' conversation between the magistrate, the court reporter, and defendant's attorney, Magistrate Clark said: "Almost finished up here. I'll be right back."[6] The magistrate went off the record at 3:05 p.m., and defendant and her attorney went to the lobby to begin the fingerprinting process.

After reassembling everyone in the courtroom and going back on the record at 3:19 p.m., Magistrate Clark clarified for defendant that, as a district court magistrate, she was unable to take a guilty plea, "which is, in turn, what I did was I scheduled you for a plea and sentencing for July 17th, 2023. . . ." Defense counsel objected, asserting that Magistrate Clark could accept the plea, but could not sentence, and asked that she accept defendant's guilty plea. Clark maintained that she was statutorily prohibited from accepting a guilty plea. The district court magistrate then entered a plea of not guilty and scheduled defendant for a plea and sentencing hearing on July 10, 2023, at 9:00 a.m. The district court register of actions indicates that defendant pleaded not guilty and that the matter was adjourned for a plea and sentencing before District Judge Voet on July 10. The proceeding was again adjourned to July 17, 2023. Meanwhile, on June 30, 2023, the prosecution amended its complaint to charge defendant with OWI 3rd.

On July 7, 2023, defendant was arraigned on the amended charge before District Court Magistrate Worth. Defendant indicated that she believed that she had already pleaded to the misdemeanor charge in the original complaint, and she elected to stand mute at the arraignment on the amended complaint. The magistrate entered a plea of not guilty and scheduled a probable-cause conference for July 17, 2023, and a preliminary examination for July 24, 2023.

Defendant moved to challenge the plea and to dismiss the felony complaint.[7] At a hearing on the motion before Judge Voet, defendant argued that, on June 23, 2023, she pleaded guilty to the original OWI, high BAC charge, and that Magistrate Clark had accepted the plea and set the case "for a presentence because all we had left to do was presentence and sentence."[8]

The prosecutor responded that the magistrate lacked the authority to accept a plea to the charge. The prosecutor contended that a magistrate was empowered to execute only those duties

---

[6] The magistrate stated earlier that she would make a copy of defendant's bond conditions.

[7] Defendant's motion is not part of the record provided to this Court, and the district court's register of actions does not indicate when defendant filed the motion. An entry on July 24, 2023, notes that the defense attorney is "to file motion."

[8] Defendant acknowledged that there "was a deviation from the process that's required by court rule for a guilty plea" and in part argues that the plea should stand, but with a hearing to correct the "deviation." See MCR 6.610(F)(8).

-3-

enumerated in his or her letter of appointment, and that Magistrate Clark's letter[9] allowed her to accept guilty pleas only when the maximum penalty for a charge was less than 93 days' incarceration. The OWI, high BAC, charge was a 180-day misdemeanor; therefore, Magistrate Clark was not authorized to accept a guilty plea on that charge. The prosecutor also argued that a plea had not been "truly offered" at the June 23 arraignment.

Judge Voet noted that when an accused appeared before one of his nonattorney magistrates and indicated that he or she wanted to plead guilty, the judge always retook the earlier plea when the defendant appeared before him for sentencing, in part because he had always been of the mind that the earlier plea was not binding. Defendant asserted that Judge Voet was performing a "double check" that was not necessary because the magistrate was fully authorized to take the plea and that the plea was binding.

Judge Voet denied defendant's motion, explaining as follows:

> So, as a matter of background, I run into this situation every once in a while, and I recognize that the stakes are high. I've had people come in on our normal Tuesday, 10:00 a.m. arraignment days and plead guilty to the charge as charged with counsel. Because they know that the prosecutor has overlooked priors and that what they can come into and plea[d] guilty to at arraignment, that is being a misdemeanor, could be elevated to a felony. Apparently, that was the situation here. . . .

> And the court was contacted by Mr. Burns and the court works for the people, the court works for the public and will accommodate any litigant, anybody, at any time wherever possible. And I directed our non-attorney magistrate to go ahead and do the arraignment and grant a PR bond. Obviously, the defendant's taken it seriously, she's gone out and hired her own independent counsel. I certainly had no idea at that time that this was a race to the courthouse. By the way, some people would view that as sneaky, other people would view that as good lawyering, I'm not gonna go down that road. . . .

> But I can honestly say I've never been of the belief or of the mind under anyway, shape, or form that the magistrate has the authority to accept a binding plea. In fact, our local administrative order at 3b says, specifically, that the magistrate may arraign and sentence upon pleas of guilty or nolo contendere for violations of the Michigan Motor Vehicle, MCL 257.1 to 257.923 or local ordinance, etcetera, except for violations of MCL 257.625 or 257.625m or local ordinances substantially corroborating. And it's been my practice for 25 years—

\* \* \*

---

[9] Magistrate Clark's letter was not signed by a district court judge, but by Judge Schafer, Chief Judge of the 8th Judicial Circuit. According to the courts.michigan.gov website, Judge Schafer serves as the Chief Judge of all of the Ionia County courts: circuit, probate, and district.

—to let the magistrate take a plea at that time, set it for sentence, get a [presentence investigation report] done, and then take the plea at the time, again, of sentence. And I'm willing to be told wrong [sic], I've been wrong before. I've been appealed and been reversed before but I need to hear that. At this point, I'm going to deny the motion.

Judge Voet entered an order denying defendant's motion on August 18, 2023.

Defendant applied for leave to appeal Judge Voet's order in the circuit court and the circuit court granted leave. The parties advanced the same arguments in the circuit court that they advanced in the district court and that they now advance on appeal. According to defendant, the remedy was a hearing under MCR 6.610(F)(8) to correct the deviation that took place and to allow defendant to either withdraw or reaffirm her guilty plea and, if she elected to reaffirm the plea, to dismiss the felony complaint and proceed to sentencing on the charge read to her at the June 23, 2023 arraignment.

The circuit court denied defendant's motion. The court reasoned that at arraignments, the magistrate would "read the charge, hear the answer," but questioned what "hear the answer" meant in the context of a district court magistrate. The court wondered whether "hear the answer" required the district court magistrate to take "guilty" as an answer, and, if "guilty" were the answer, whether the magistrate was then required to conduct the colloquy required when taking a guilty plea. The court rejected defendant's argument that Magistrate Clark took defendant's plea when the magistrate said, "Oh, okay," and the court, as well as all the parties, agreed that the required plea-taking colloquy did not occur. The circuit court noted that MCL 600.8511 neither authorized nor prohibited a magistrate from taking a plea, and it concluded that it was "not prepared to get behind" defendant's argument that the magistrate was empowered to take defendant's plea. The court said that it would "like to see explicit authority in writing that says that that process of hearing the answer also involves them having the authority to take this plea." The court stated that it was "not convinced and [didn't] think that there's authority that clearly is in black and white writing here that would support [defendant's] position. . . ."

Defendant now appeals by leave granted. We affirm.

## II. ANALYSIS

### A. MAGISTRATE'S AUTHORITY

Because this question involves an interpretation of a magistrate's authority under the applicable statutory and court rule provisions, our review is de novo.[10] The goal of statutory interpretation "is to give effect to legislative intent by examining the plain language of the words

---

[10] *People v Vaughn*, 344 Mich App 539, 549; 1 NW3d 414 (2022).

-5-

of the statute. Unambiguous language in a statute must be enforced as written."[11] These rules also apply to the interpretation and application of court rules.[12]

The magistrate's authority in this case is set forth in MCL 600.8511(b):

> To arraign and sentence upon pleas of guilty or nolo contendere for violations of the Michigan vehicle code, 1949 PA 300, MCL 257.1 to 257.923, or a local ordinance substantially corresponding to a provision of the Michigan vehicle code, 1949 PA 300, MCL 257.1 to 257.923, except for violations of sections 625 and 625m of the Michigan vehicle code, 1949 PA 300, MCL 257.625 and 257.625m, or a local ordinance substantially corresponding to section 625 or 625m of the Michigan vehicle code, 1949 PA 300, MCL 257.625 and 257.625m, if authorized by the chief judge of the district court district and if the maximum permissible punishment does not exceed 93 days in jail or a fine, or both. However, the chief judge may authorize the magistrate to arraign defendants and set bond with regard to violations of sections 625 and 625m of the Michigan vehicle code, 1949 PA 300, MCL 257.625 and 257.625m, or a local ordinance substantially corresponding to section 625 or 625m of the Michigan vehicle code, 1949 PA 300, MCL 257.625 and 257.625m.

The statute thus establishes two different grants of authority. The first is to arraign and sentence upon a guilty or nolo contendere plea for violations of the motor vehicle code, except for violations of MCL 257.625 and MCL 257.625m if the penalty does not exceed 93 days in jail. This would not grant any authority to the magistrate in this case because defendant was (1) charged with a violation of MCL 257.625 and (2) the penalty exceeds 93 days in jail.

The second grant of authority is to arraign and set bond for violations of MCL 257.625 and MCL 257.625m if authorized by the chief judge. Absent is the authority to sentence upon a plea of guilty or nolo contendere. The appointment letter signed by Judge Schafer echoes the statutory language: Magistrate Clark has the authority to arraign and set bond. But, in rendering his ruling, Judge Voet clearly expressed that his practice with charges such as these is to allow the magistrate to accept a plea and set the case for sentencing (before Judge Voet), and he then takes the plea a second time. And it should be noted that a district court judge has the express authority to supersede any action by a district court magistrate, even without a formal appeal.[13] Thus, even if Magistrate Clark had taken the plea, Judge Voet retained the authority to supersede the plea. Therefore, when the matter came before Judge Voet to retake the plea and sentence defendant, and the prosecutor moved to amend the complaint to upgrade the charge to the felony, Judge Voet could merely set aside the plea under MCR 4.401(C) and allow the amendment.

---

[11] *Id.* (quotation marks and citation omitted).

[12] *Id.*

[13] MCR 4.401(C).

Also, a more general statutory provision regarding the arraignment process is found in MCL 774.1a:

> At the arraignment of an accused charged with a misdemeanor or an ordinance violation, the magistrate shall read to the accused the charge as stated in the warrant or complaint. The accused shall plead to the charge, and the plea shall be entered in the court's minutes. If the accused refuses to plead, the magistrate shall order that a plea of not guilty be entered on behalf of the accused.

This statute calls for the defendant to plead, but directs the magistrate to take no action other than to enter a plea into the court's minutes.

What can be discerned from this limited statutory assistance, when read in conjunction with the court rules,[14] can only lead us to the conclusion that Magistrate Clark, as well as the lower courts, correctly concluded that she lacked the authority to take a binding plea from defendant. It would be contradictory to conclude that a magistrate, at least in those cases such as the one before us where the magistrate is denied the authority to sentence, has the ability to accept a plea that is binding on both a defendant and the prosecutor, yet the district court judge retains the authority by court rule to supersede the actions of the magistrate.[15] Thus, hearing a defendant's plea at arraignment and entering it into the court's minutes suggests a process by which the magistrate may, when authorized, set the matter to proceed to sentencing or, as was the case here, the magistrate notes defendant's intent to plead guilty and sets the matter for a formal (binding) plea and sentence before the district court judge.

## B. NO ACTUAL PLEA

Finally, it must be observed that defendant's attempt to describe what happened at the district court arraignment to be the tendering of a guilty plea is not an accurate description of what happened. At the arraignment, defense counsel clearly expressed an intent and desire by his client to enter a guilty plea. Indeed, it is accurate to describe the colloquy between counsel and Magistrate Clark that he was insistent that his client was there to plead guilty and that the magistrate could and should accept the guilty plea, despite the magistrate being equally insistent that she could not and would not take a guilty plea. She clearly stated that what she could do and did do was set the matter for plea and sentencing in front of Judge Voet.[16] The magistrate also

---

[14] We note that the court rules specifically provide that Chapter 6 of the Michigan Court Rules, which deals with criminal procedure, supersedes "any statutory procedure pertaining to and inconsistent with a procedure provided by a rule in this chapter." MCR 6.001(E).

[15] This is not to say that the same analysis would not apply where the magistrate has imposed a sentence where authorized. But we also acknowledge that where sentencing has occurred, that may invoke double jeopardy considerations that we need not address here because defendant has not been sentenced.

[16] Defense counsel even attempted to see if the plea and sentencing could be scheduled earlier, even perhaps as a walk-in in front of the judge. The magistrate allowed for the possibility that

informed counsel that defendant "would have to complete the presentencing review with probation prior to plea and sentencing." But despite an arraignment that took nearly a half-hour to complete, at no point did defendant actually utter the word "guilty," despite her attorney's best efforts to have a guilty plea entered. At most, there was the defense statement early in the proceeding that they "were gonna enter a guilty plea." And that, after that, the court could "set it for a presentence or however you'd like to do it."

## C. DOUBLE JEOPARDY

Perhaps more fundamental is plaintiff's argument that plaintiff retained the ability, even after a plea (but before sentencing), to amend the complaint and charge the felony. Resolving when jeopardy attaches in a case where the defendant pleads guilty is essential in considering defendant's argument that she actually pleaded guilty to the misdemeanor charge, albeit as a defective plea because the magistrate did not cover all of the necessary steps in taking a plea. But defendant argues that a remand to the district court will remedy or cure the deviation from the proper plea-taking procedure as provided for in MCR 6.610(F)(8).[17] But defendant's argument that she had pleaded guilty (albeit with a deviation in the procedure) and, therefore, must stand convicted of the misdemeanor charge rather than facing a felony charge is fatally flawed if the prosecutor was able to amend the complaint to replace the original misdemeanor charge with an updated felony charge. For the reasons set forth below, we conclude jeopardy did not attach because defendant had not been sentenced. And, therefore, plaintiff retained the ability to amend the charge.

There is little precedent in Michigan addressing this question. The parties do not direct us to any clear decisions on this question by either the Michigan Supreme Court or the United States Supreme Court. But this Court has addressed the question in decisions rendered before November 1, 1990. That limited history was summarized in *People v Leonard*[18]:

> Defendant contends that jeopardy attaches when the plea is accepted by the court, but cites no cases to support this position. Some jurisdictions have taken this position. See, *e.g.*, *United States v Bullock*, 579 F2d 1116 (CA 8, 1978), *cert den* 439 US 967; 99 S Ct 456; 58 L Ed 2d 425 (1978); *State v Sailor*, ___ Minn ___; 257 NW2d 349 (Minn.1977); *Jeffrey v District Court*, ___ Colo ___; 626 P.2d 631 (Colo.1981). However, the rule in Michigan appears to be that, in the case of a

---

counsel could contact the clerk's office to see if the court could reschedule it for an earlier time. Defense counsel said that would be acceptable, but wanted to ensure that they were not committed to the day and time set by the magistrate, stating that it was "perfectly fine" if "it's not, ya know, binding. I—I do want to try to—try to sneak it through before then. Not sneak, I just mean get it done before then, please."

[17] It is questionable whether this court rule applies in this instance because MCR 6.610(F)(8) explicitly states that that subrule applies where "defendant seeks to challenge the plea." Here, defendant is not seeking to challenge the plea.

[18] *People v Leonard*, 144 Mich App 492, 494-495; 375 NW2d 745 (1985).

guilty plea, jeopardy does not attach until the sentence is imposed. *People v Alvin Johnson*, 396 Mich 424, 431, fn 3; 240 NW2d 729 (1976); *People v Rose*, 117 Mich App 530, 535; 324 NW2d 25 (1982); *People v Burt*, 29 Mich App 275, 277; 185 NW2d 207 (1970).

The decision in *Burt*, which reviewed decisions from other states as well, clearly rejected the defendant's double jeopardy argument. In *Burt*, the trial court had accepted the defendant's plea of guilty, but thereafter, on the court's own motion, vacated it and required the defendant to stand trial on a more serious charge.[19] The Court discarded the defendant's double jeopardy argument:

> Every court which has considered defendant's claim that double jeopardy is created by these circumstances has rejected it. *Ward v Page* (CA 10, 1970), 424 F2d 491; *Metz v Maroney*, (CA 3, 1968), 404 F2d 233; *People v Seipel* (1969), 108 Ill App 2d 334, (247 NE2d 905); *Brooks v Commonwealth* (1969), 447 SW2d 614; *People v Wolfson* (1969), 32 AD2d 813 (302 NYS2d 217).

> The unanimous conclusion of the courts which have considered this question is that jeopardy does not attach in the case of guilty pleas, at least not until defendant is sentenced. We must perforce reject appellant's stated ground of appeal.

The decision in *Johnson* relied upon by the *Leonard* Court is of some assistance, but ultimately the double jeopardy question involved a mistrial, rather than a guilty plea. But our Supreme Court in *Johnson* did state the following:

> "(A) defendant is placed in jeopardy in a criminal proceeding once the defendant is put to trial before the trier of the facts, whether the trier be a jury or a judge." *United States v Jorn*, 400 US 470, 479; 91 S Ct 547, 554; 27 L Ed 2d 543, 553 (1971). "In the case of a jury trial, jeopardy attaches when a jury is empaneled and sworn. * * * In a nonjury trial, jeopardy attaches when the court begins to hear evidence." *Serfass v United States*, 420 US 377, 388; 95 S Ct 1055, 1062; 43 L Ed 2d 265 (1975). In the case of a guilty plea, jeopardy attaches when the sentence is imposed. *People v Burt*, 29 Mich App 275, 277; 185 NW2d 207 (1970).[20]

> Like in *Leonard*, we acknowledge that not every jurisdiction follows this rule.[21] But, of course, decisions by the United States Court of Appeals and other states' courts are not binding on

---

[19] *Burt*, 29 Mich App at 276.

[20] *Johnson*, 396 Mich at 431 n3.

[21] See, e.g., *United States v Bell*, 37 F4th 1190, 1198 (CA 6, 2022) ("Jeopardy generally attaches when the district court accepts the defendant's guilty plea."). See also *United States v Bearden*, 274 F3d 1031, 1036 (CA 6, 2002). *Bearden* presents an interesting point: while a federal magistrate may take a plea, it does not bind the district court until it is accepted by the district court judge. *Id*. at 1037. While federal practice does not automatically dictate state practice, in this

this Court.[22] Thus, we are left with nonbinding precedent. But this Court has concluded that jeopardy only attaches in guilty plea cases when the defendant has been sentenced. And the Michigan Supreme Court has expressed its approval of that principal. Even if in dicta, the Supreme Court said it and we shall follow it until and unless the Court directs otherwise.

Accordingly, because jeopardy had not attached, the prosecutor was free to dismiss the misdemeanor charge against defendant and recharge defendant with the felony.

Indeed, for that matter, a prosecutor has wide authority to amend a complaint or information to add or increase charges during the pendency of the litigation. For example, in *People v Goecke*,[23] the defendant was initially charged with second-degree murder[24] and operating a motor vehicle under the influence of intoxicating liquor, causing death of another person.[25] Following a preliminary examination, the district court refused to bind the defendant over on the murder charge, but did bind the defendant over on the OUIL charge.[26] In the circuit court, the prosecutor moved to amend the information to reinstate the murder charge, which the circuit court granted.[27] The Court concluded that the trial court could grant the motion to amend the information. And while the focus of the analysis in *Goecke* was whether the prosecutor had to proceed by appeal to the circuit court from the district court bindover decision rather than by motion in the circuit court, the relevant point here is that a prosecutor may amend a charge, even where it results in a higher charge being brought, absent unfair surprise or prejudice.[28] And this is reflected by court rule in MCR 6.112(H), which provides that a trial court "before, during, or after trial may permit the prosecutor to amend the information . . . unless the proposed amendment would unfairly surprise or prejudice the defendant."

And in the case before us, the amendment of the charge from the misdemeanor to a felony would not result in unfair surprise or prejudice. Defendant knew that she was being charged with OWI, high BAC. And she certainly would be aware of her own prior convictions. And it would not result in prejudice to defendant regarding her ability to defend against the new, higher charge inasmuch as the only factual distinction between the two charges is the existence of the prior convictions, of which defendant would certainly be aware.

---

circumstance it does echo what Judge Voet described as his practice of requiring a defendant who has pled in front of the magistrate to replead in front of Judge Voet.

[22] See, e.g., *Evans v Thompson*, 518 F3d 1, 8 (CA 1, 2008) ("State courts are not bound by the dictates of the *lower* federal courts, although they are free to rely on the opinions of such courts when adjudicating federal claims." [Emphasis in original.])

[23] 457 Mich 442; 579 NW2d 868 (1998).

[24] MCL 750.317.

[25] MCL 257.625(4).

[26] *Goecke*, 457 Mich at 450.

[27] *Id.*

[28] *Id.* at 460.

Rather, the only potential "prejudice" defendant might be able to claim would be that the magistrate's failure to take defendant's guilty plea provided the prosecution an opportunity to discover its oversight and correct the error and proceed with the correct charge. Even if we were inclined to conclude that defendant's failed attempt to plead guilty before the prosecution could discover its charging mistake constitutes "prejudice" to defendant (which we are not), such a claim would factually fail in this case as it is not supported by the timeline of events, particularly in light of Judge Voet's stated practice of having the magistrate take the plea, schedule any necessary presentence investigation, and set the matter for a second plea-taking and sentencing in front of Judge Voet.

Defendant was arraigned on June 23. The magistrate set the matter for plea and sentencing on July 17, presumably in front of Judge Voet inasmuch as the magistrate clearly lacked the authority to sentence on the original charge. But the prosecutor's motion to amend to the felony charge was filed on June 30, one week after the arraignment and over two weeks *before* the plea and sentencing.

## III. CONCLUSION

In sum, defendant's argument would only be successful if (1) the magistrate had the authority to take a binding guilty plea, (2) that defendant actually did plead guilty at the arraignment, and that she should be entitled to merely have the shortcomings of the "plea" corrected at a subsequent hearing, AND (3) that that plea would set in stone the original charge and the prosecutor could not thereafter amend the charge. But defendant's argument fails on all three points. The magistrate did not have the authority and no plea was actually taken at the arraignment and we do not classify what did happen as a plea. Moreover, defendant simply cannot establish that jeopardy would have attached before the prosecutor discovered its oversight and amend the charge.

Accordingly, for these reasons we conclude that the lower courts correctly denied defendant's motion. Affirmed and remanded for further proceedings consistent with this opinion.

/s/ Kathleen A. Feeney
/s/ Brock A. Swartzle
/s/ James Robert Redford

-11-