**Kyrus Lee CAWL, Appellant**

v.

**COMMONWEALTH of Kentucky, Appellee.**

No. 2012–SC–000279–DG.

Supreme Court of Kentucky.

Feb. 20, 2014.

Melinda Brooke Buchanan, Assistant Public Advocate, Department of Public Advocacy, Counsel for Appellant.

Jack Conway, Attorney General of Kentucky, Bryan Darwin Morrow, Assistant Attorney General, Office Of Criminal Appeals, Office of the Attorney General, Counsel for Appellee.

Opinion of the Court by Justice
VENTERS.

Appellant, Kyrus Lee Cawl, appeals from an opinion of the Court of Appeals affirming the order of the Jefferson Circuit Court denying Appellant's motion for relief pursuant to RCr 11.42. The Court of Appeals held that Appellant had waived his right to appellate review because he failed to request specific findings of fact following the trial court's denial of his RCr 11.42 claim of ineffective assistance of counsel. For the reason set forth below, we reverse the decision of the Court of Appeals and remand this matter for its review of Appellant's claim in light of our discussion contained herein.

## I.  FACTUAL BACKGROUND

In 2005, Appellant was charged with eleven counts of first-degree robbery. He subsequently accepted a plea agreement and entered an *Alford* plea [1] to all charges. Pursuant to the plea agreement, Appellant was sentenced to imprisonment for twenty-one years.

In 2008, Appellant filed a *pro se* motion to vacate his sentence pursuant to RCr 11.42. Along with other grounds for relief, Appellant's motion alleged that his trial counsel had told him prior to his acceptance of the plea agreement that he would

---

**1.** *North Carolina v. Alford,* 400 U.S. 25, 91     S.Ct. 160, 27 L.Ed.2d 162 (1970).

be eligible for parole when he had served twenty percent of his sentence. However, because his convictions are for first-degree robbery, as a violent offender, Appellant will be statutorily required to serve at least eighty-five percent of his sentence before becoming parole eligible. Appellant asserted in his RCr 11.42 motion for post-judgment relief that such misinformation constituted ineffective assistance of counsel warranting relief from the judgment of conviction.

On April 15, 2009, without conducting an evidentiary hearing on Appellant's claims, the trial court entered an order concluding that "[Appellant] is not entitled to relief pursuant to RCr 11.42." The order made no findings of fact relative to his allegation of misadvice on parole eligibility, and it did not offer a specific reason for rejecting that aspect of Appellant's claim for RCr 11.42 relief.[2]

Following the filing of a renewed RCr 11.42 motion by appointed counsel raising supplemental issues, on February 11, 2010, the trial court issued an updated order again denying Appellant's RCr 11.42 motion. In this order the trial court stated Appellant "argues that he did not understand the parole requirements with respect to his plea and, therefore, it was not knowing and voluntary; [ ] and that he was denied effective assistance of counsel because of his counsel's failure to advise him of the consequences of his plea[.]" There can be no doubt, therefore, that the order intended to acknowledge and dispose of all aspects of Appellant's ineffective assistance of counsel claim, including his allegation of parole misadvice. Having acknowledged that Appellant raised the parole misadvice argument, the trial court proceeded to deny the motion in its entirety. Accordingly, the order was complete, ex-

pressly or implicitly denying every argument asserted by Appellant for relief from the judgment.

The trial court also noted in the February 11, 2010, order that "no evidentiary hearing is necessary when the issues may be determined from the record" and that "no hearing is required where, as here, the record demonstrates the voluntariness of the Defendant's plea." After the order was issued, Appellant did not file a written request for additional findings of fact, nor did he further request an evidentiary hearing on his claim of parole misinformation.

Following the resolution of notice of appeal issues relating to timeliness, Appellant was granted leave to file a belated appeal. In his argument to the Court of Appeals, Appellant abandoned all other claims for relief that he had asserted in his original *pro se* RCr 11.42 motion, as well as his supplemental motion, and argued only that the trial court erred in failing to grant an evidentiary hearing on the specific allegation of ineffective assistance of trial counsel pertaining to his parole eligibility.

The Court of Appeals declined to address the question, concluding that Appellant failed to preserve his right to appellate review of the parole misinformation issue because he never requested the trial court to make additional findings pursuant to RCr 11.42(6).

RCr 11.42(6) provides as follows:

At the conclusion of the hearing or hearings, the court shall make findings determinative of the material issues of fact and enter a final order accordingly. If it appears that the movant is entitled to relief, the court shall vacate the judgment and discharge, resentence, or

---

**2.** Appellant's 11.42 motion included other grounds for relief, and the trial court's order

did offer some exposition of its reasoning for denying those claims.

grant him or her a new trial, or correct the sentence as may be appropriate. A final order shall not be reversed or remanded because of the failure of the court to make a finding of fact on an issue essential to the order unless such failure is brought to the attention of the court by a written request for a finding on that issue or by a motion pursuant to Civil Rule 52.02.[3]

## II. APPELLANT DID NOT WAIVE HIS RIGHT TO APPEAL THE TRIAL COURT'S FAILURE TO HOLD AN EVIDENTIARY HEARING ON RCR 11.42 MOTION

■ We granted discretionary review to address the question of whether RCr 11.42(6) requires an unsuccessful movant for relief under RCr 11.42 to request additional findings in order to preserve his right to appeal a summary denial of his RCr 11.42 motion. We conclude that he does not, *unless he is asking the Court of Appeals to reverse or remand a final order because the trial court failed to make a finding of fact on an issue essential to the order.*

■ We believe the Court of Appeals misconstrued the issue when, based upon RCr 11.42(6), it held that "Cawl's failure to bring the *deficiency* to the attention of the trial court effectively served as a waiver to any subsequent claims that it was not appropriately determined." (emphasis added). That may be correct where the *deficiency* asserted on appeal as grounds for reversal was "the failure of the court to make a finding of fact on an issue essential to the order." *See* RCr 11.42(6). But, Appellant never claimed that the trial

court failed to make findings pertinent to an essential issue. His claim on appeal was simply that the trial court should have conducted an evidentiary hearing on his allegation that his trial counsel misinformed him about parole eligibility.

RCr 11.42(6) does not specifically require either party to an RCr 11.42 proceeding to request an evidentiary hearing on the motion before it can appeal from the final order, or otherwise require the trial court to make findings explaining why it did not conduct an evidentiary hearing. The rule, rather, requires that the parties direct the trial court's attention to any failure on its part to make "a finding of fact on an issue essential to the order." A trial court's refusal to hold an evidentiary hearing is not "a finding of fact."

Even if by some broad construction of the rule's language we could interpret RCr 11.42(6) so as to encompass the failure to hold an evidentiary hearing, a requirement to raise the issue in the trial court *after* entry of the final order would serve no rational purpose. The opening clause of RCr 11.42(6) discloses that the rule relates to what transpires "[a]t the conclusion of the hearing or hearings." If a hearing has been held, and an order entered, no purpose would be served by requiring the losing party to ask the court for an evidentiary hearing on the issues already decided. If no hearing was held, there is seldom any need to bring that fact to the trial court's attention. In the usual case, the trial court would be well aware of that circumstance. In the instant case, the trial court's final order made explicit reference to its deliberate decision *not* to conduct an evidentiary hearing. In any event,

---

3. CR 52.02 states:
   Not later than 10 days after entry of judgment the court of its own initiative, or on the motion of a party made not later than 10 days after entry of judgment, may amend its find-

ings or make additional findings and may amend the judgment accordingly. The motion may be made with a motion for a new trial pursuant to Rule 59.

RCr 11.42(6) contains no such requirement.

In a broader context, RCr 11.42(6) is part of an overall scheme for adjudicating claims for post-conviction relief. RCr 11.42(1)–(3) set forth the parameters, prerequisites, and fundamental procedures which must be met for an RCr 11.42 movant to petition the trial court for relief; Sections (4) and (5) then provide that the Commonwealth may respond to the movant's claims. Significantly, RCr 11.42(5) provides as follows:

> Affirmative allegations contained in the answer shall be treated as controverted or avoided of record. **If the answer raises a material issue of fact that cannot be determined on the face of the record the court shall grant a prompt hearing** and, if the movant is without counsel of record and if financially unable to employ counsel, shall upon specific written request by the movant appoint counsel to represent the movant in the proceeding, including appeal.

(emphasis added).

RCr 11.42(5) sets forth the criteria by which the trial court must determine if the issues raised in the motion require an evidentiary hearing. We noted the relationship between RCr 11.42(5) and RCr 11.42(6) in *Stanford v. Commonwealth*, 854 S.W.2d 742 (Ky.1993):

> Section (5) of RCr 11.42 requires a hearing on the motion only "if the answer raises a material issue of fact that cannot be determined on the face of the record." Section (6) requires findings only "at the conclusion of the hearing or hearings." It follows ... that a hearing is required only if there is an issue of fact which cannot be determined on the face of the record. If there is no hearing, then no findings are required.

*Id.* at 743–44.

■ Correspondingly, an evidentiary hearing is *not* required when the record refutes the claim of error or when the allegations, even if true, would not be sufficient to invalidate the conviction. *Brewster v. Commonwealth*, 723 S.W.2d 863, 865 (Ky.App.1986). Significantly, nothing in our Rules of Criminal Procedure or the applicable case law imposes a requirement that the parties will have forfeited the right to an appeal if they did not bring the failure to conduct an evidentiary hearing to the attention of the trial court.

## CONCLUSION

We do not in this opinion address the question of whether the trial court should have held an evidentiary hearing on Appellant's claim that he was misadvised on the matter of parole eligibility. Rather, we hold only that his failure to present the matter to the trial court following the entry of the Order denying RCr 11.42 relief did not result in a waiver of his right to an appellate review of the issues.

Accordingly, for the reasons set forth herein, we reverse the decision of the Court of Appeals dismissing the appeal, and we remand the case to the Court of Appeals for review of Appellant's arguments.

MINTON, C.J., ABRAMSON, CUNNINGHAM, NOBLE and SCOTT, JJ., concur. KELLER, J., not sitting.