RENDERED: MAY 26, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0640-MR

CHARLES ROBERSON[1]                                                      APPELLANT

v.

APPEAL FROM HARDIN CIRCUIT COURT
HONORABLE KELLY MARK EASTON, JUDGE
ACTION NO. 18-CR-00372

COMMONWEALTH OF KENTUCKY                                    APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: ACREE, GOODWINE, AND LAMBERT, JUDGES.

LAMBERT, JUDGE: Charles Roberson[1] appeals *pro se* from the Hardin Circuit Court's order entered on May 11, 2022, which denied his Kentucky Rule of Criminal Procedure (RCr) 11.42 post-conviction motion for relief from judgment. We affirm.

---

[1] The briefs and multiple filings in the trial court record refer to the Appellant as "Charles Roberson Jr." However, the notice of appeal only listed his name as "Charles Roberson"; thus that is the name we must use.

On April 26, 2018, Roberson was indicted for murder in the death of Xedric "C.J." McNeil along with two counts of criminal attempt to commit murder, one count of first-degree wanton endangerment, and one count of tampering with physical evidence. The charges arose from a verbal altercation between Roberson and McNeil during a social gathering on February 4, 2018, which escalated and resulted in Roberson firing multiple gun shots at McNeil and into the vicinity of three other individuals.

A jury trial was scheduled for February 4, 2019, during which *voir dire* was conducted before Roberson opted to accept an offer to plead guilty to amended charges of first-degree manslaughter and three counts of first-degree wanton endangerment. The tampering with physical evidence charge was additionally dismissed in return. Roberson was later sentenced to 18 years on April 4, 2019, in accordance with the plea agreement.

On January 24, 2022, Roberson filed a post-conviction motion asserting he unknowingly and unintelligently entered into his plea agreement due to the ineffective assistance of counsel. Specifically, Roberson argued his trial counsel failed to file a motion to suppress evidence and properly investigate, pursue, and advise him of an extreme emotional disturbance (EED) defense and imperfect self-defense. The trial court denied the motion on March 9, 2022, because Roberson failed to attach a signed verification to the motion pursuant to

-2-

RCr 11.42(2), and the motion was refiled with a proper verification on March 21, 2022. The Commonwealth filed a response on May 2, 2022, and on May 11, 2022, the trial court denied Roberson's motion on the merits without an evidentiary hearing. This appeal followed.

An RCr 11.42 movant must satisfy the two-pronged test laid forth in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984), by demonstrating that his or her counsel was inadequate, and counsel's errors prejudiced the case. *See also Gall v. Commonwealth*, 702 S.W.2d 37, 39 (Ky. 1985). When involving entry of a guilty plea, the movant must prove there was a reasonable probability that, absent counsel's deficiency, he or she would not have pled guilty and would have proceeded to trial. *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S. Ct. 366, 370, 88 L. Ed. 2d 203 (1985); *accord Phon v. Commonwealth*, 51 S.W.3d 456 (Ky. App. 2001). A reviewing court "must be highly deferential" of counsel's performance, and "the defendant must overcome the presumption that counsel provided a reasonable trial strategy." *Brown v. Commonwealth*, 253 S.W.3d 490, 498-99 (Ky. 2008).

Before addressing the arguments before us, we must first note that, along with some formatting errors, Roberson's brief fails to provide a preservation statement for the claims he raises, and it does not include a word-count certificate since it exceeds by three pages the limit required by Kentucky Rule of Appellate

Procedure (RAP) 31(G)(2). However, the Commonwealth has asserted no objection, and due to the relatively short length of the record and the clear nature of the claims, we elect to ignore the deficiencies and review under the normal *Strickland* analysis as opposed to manifest injustice. *See Hallis v. Hallis*, 328 S.W.3d 694, 696 (Ky. App. 2010).

On appeal, Roberson again asserts he entered into an unknowing and unintelligent plea agreement due to trial counsel's errors, the first of those errors being trial counsel's failure to seek suppression of evidence. Roberson maintains that the shooting occurred in a parking lot outside an apartment unit located at 300 Diecks Drive #7, and officers made entry into the apartment before a search warrant, predicated on a faulty affidavit, was later granted.

The trial court ruled that Roberson failed to identify "anything specific gathered" pursuant to the warrant which would have been used to convict him at trial. We agree with this rationale. RCr 11.42(2) mandates a motion to "state specifically the grounds on which the sentence is being challenged and the facts on which the movant relies in support of such grounds." Facts must be pled with "particularity" otherwise "the trial court cannot tell whether an evidentiary hearing is necessary." *Roach v. Commonwealth*, 384 S.W.3d 131, 140 (Ky. 2012). Failure to satisfy this specificity requirement mandates a summary dismissal. RCr 11.42; *Roach*, 384 S.W.3d at 140. The only mention of any evidence that

Roberson alleges was unlawfully obtained was in reference to cell phones seized at the scene, but Roberson fails to articulate what exactly was contained on these phones and how suppression would have secured a more favorable outcome for his case. Furthermore, as the Commonwealth argues, there is a question as to whether Roberson would have had proper standing to invoke suppression because he indicates in his brief he did not reside at the apartment unit searched, and multiple cell phones, which presumably did not all belong to him, were seized. *See Ordway v. Commonwealth*, 352 S.W.3d 584, 592 (Ky. 2011) (citation omitted) ("A defendant bears the burden of establishing standing to challenge a Fourth Amendment search."). Roberson does not otherwise articulate what expectation of privacy he maintained in what was searched or seized. *See Rawlings v. Kentucky*, 448 U.S. 98, 100 S. Ct. 2556, 65 L. Ed. 2d 633 (1980).

Turning to the only remaining claim of error, Roberson argues that trial counsel failed to sufficiently investigate, pursue, and advise him regarding an EED defense and imperfect self-defense. This claim is directly and conclusively refuted by the record, and we further affirm the trial court's summary denial which was also predicated on this reasoning. *See Cawl v. Commonwealth*, 423 S.W.3d 214, 218 (Ky. 2014) ("[A]n evidentiary hearing is *not* required when the record refutes the claim of error or when the allegations, even if true, would not be sufficient to invalidate the conviction.") (emphasis in original).

During the final pretrial conference on January 29, 2019, trial counsel explicitly informed the trial court in Roberson's physical presence that he intended to pursue a self-defense claim. Trial counsel stated it was the defense's belief that McNeil was armed on the night of his death and that an eyewitness would testify McNeil had fired a gun at the apartment located at 300 Diecks Drive #7 approximately two weeks prior to his death. It was further stated that this witness would additionally testify he informed Roberson of this incident. On the first, and ultimately the only, scheduled day of trial, trial counsel asked questions during *voir dire* concerning the jury pool's attitude toward firearm rights and self-defense.

Roberson later accepted a plea offer after the jury was sworn. The plea agreement forms, along with a very thorough plea colloquy conducted by the trial court, provide the most conclusive refutation observable within the record. *See Ford v. Commonwealth*, 453 S.W.2d 551, 552 (Ky. 1970). The Commonwealth's plea offer bears Roberson's handwritten signature, and the stipulated facts contained therein clearly state Roberson caused the death of McNeil "under circumstances in which he acted under the influence of extreme emotional disturbance as defined by KRS 507.020." In the moments just after entry of the plea, the prosecutor indicated they were presented with evidence which supported an EED defense and self-defense. Specifically, the prosecution

mentioned there was evidence that would support a claim McNeil "provoked" Roberson into firing at him.

Roberson's trial counsel signed a "certificate of counsel" contained within the motion to enter the guilty plea which verified he "fully discussed" the charges and "any possible defenses" with Roberson and that he believed Roberson understood. During the colloquy, trial counsel further stated he discussed the possible outcomes of proceeding to trial, and when asked by the trial court, Roberson affirmed he told his trial counsel "everything he knew" about his charges. Roberson also signed the motion to enter the guilty plea, which along with his own verbal acknowledgments, denied he was in any way mentally impaired or that he was being "influenced" or "forced" to enter into the agreement "against [his] will."

The trial court informed Roberson of his trial counsel's duties, such as his duty to investigate the case and pursue defenses "including in this particular case the claim of self-protection which you all have talked about." The signed plea agreement and the colloquy demonstrate Roberson acknowledged and understood, by pleading guilty, he was waiving his right to present evidence and a defense at a jury trial. The trial court further informed Roberson that by pleading guilty, he was indicating he was satisfied with his attorney's performance and "there [was] nothing else out there that [he] want[ed] any attorney to do that might have

changed [his] mind or made a difference about [his] decision to enter this guilty plea." Immediately thereafter, Roberson affirmed he was satisfied with his trial counsel's services, and the trial court read over and explained the terms of the Commonwealth's plea offer he signed.

"[T]he representations of the defendant, his lawyer, and the prosecutor at [an original plea hearing], as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 73-74, 97 S. Ct. 1621, 1629, 52 L. Ed. 2d 136 (1977). "Solemn declarations in open court carry a strong presumption of verity." *Id.* at 74, 97 S. Ct. at 1629. Roberson has provided no discussion as to why this plea colloquy and the entry of his plea should be called into doubt. Roberson only makes general assertions that trial counsel failed to investigate and discuss his defenses, and he cites various alleged facts and circumstances he maintains would have advanced an EED defense and self-defense. But Roberson presents nothing more specific such as a claim that these alleged facts and circumstances were specifically unknown either to him or trial counsel, or were otherwise undiscussed, before the entry of his plea. *See Blackledge*, 431 U.S. at 74, 97 S. Ct. at 1629 ("The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.").

Regardless, the record demonstrates some of the alleged exculpatory information Roberson discusses in his brief, relating to McNeil being armed and threatening on the night of the shooting, were referenced or alluded to either by trial counsel or the prosecution before or during entry of the plea as previously discussed.

Thus, due to insufficient pleadings and the conclusiveness of the record, Roberson has failed to satisfy the deficiency prong under the *Strickland* analysis, and it is therefore unnecessary to undertake any additional discussion relating to the prejudice prong. The Hardin Circuit Court's summary denial of Roberson's RCr 11.42 motion without an evidentiary hearing was proper, and we affirm.

ALL CONCUR.

BRIEF FOR APPELLANT:

Charles Roberson, *pro se*
Wheelwright, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Matthew F. Kuhn
Solicitor General

Rachel A. Wright
Assistant Solicitor General
Frankfort, Kentucky