RENDERED: MAY 29, 2026; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2025-CA-0201-MR

DAWAN Q. MULAZIM          APPELLANT

v.        APPEAL FROM JEFFERSON CIRCUIT COURT
HONORABLE ANN BAILEY SMITH, JUDGE
ACTION NO. 15-CR-002029-002

COMMONWEALTH OF KENTUCKY          APPELLEE

AND

NO. 2025-CA-0205-MR

DAWAN Q. MULAZIM          APPELLANT

v.        APPEAL FROM JEFFERSON CIRCUIT COURT
HONORABLE ANN BAILEY SMITH, JUDGE
ACTION NO. 14-CR-002064-002

COMMONWEALTH OF KENTUCKY          APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: ACREE, A. JONES, AND TAYLOR, JUDGES.

JONES, A., JUDGE: Acting without the assistance of counsel, Dawan Mulazim,

appeals the Jefferson Circuit Court's February 9, 2025, order denying his motion

for post-conviction relief pursuant to RCr[1] 11.42.[2] Following careful review, we

affirm.

## I. BACKGROUND

On June 22, 2016, Mulazim entered an *Alford*[3] plea of guilty to

committing the crimes of armed robbery (two counts), fleeing or evading police,

and one count of possession of a handgun by a convicted felon. His plea also

acknowledged that he was guilty of being a persistent felony offender (PFO) in the

first degree. The sentence that Mulazim agreed to accept was fourteen years of

---

[1] Kentucky Rules of Criminal Procedure.

[2] In circuit court case No. 14-CR-002064-002, Mulazim was indicted for two counts of first-degree robbery, first-degree fleeing or evading, and possession of a handgun by a convicted felon. The Commonwealth later indicted him for being a first-degree persistent felony offender in case No. 15-CR-002029-002. Mulazim pleaded guilty in both cases and was sentenced in a combined judgment. Thereafter, Mulazim filed a single RCr 11.42 motion covering both cases, which the trial court denied. Mulazim filed separate notices of appeal, one for each case. By order entered November 10, 2025, this Court consolidated the two appeals for all purposes, including briefing.

[3] *North Carolina v. Alford*, 400 U.S. 25 (1970).

incarceration for each count of armed robbery, five years of confinement for fleeing or evading, and ten years' imprisonment for being a felon in possession of a handgun. The PFO conviction enhanced the sentence to twenty years of incarceration. However, the trial court postponed sentencing for one year because Mulazim had an ongoing capital case pending in the Fayette Circuit Court.

Upon entering his guilty plea, Mulazim immediately asked the trial court whether he could withdraw his plea prior to sentencing. The trial court informed him that he could file a future motion to withdraw the plea if there were grounds to support such a motion.

On June 16, 2017, through his attorney, Mulazim filed a motion to withdraw his plea. He alleged that new evidence supported his claim of innocence. The trial court scheduled the motion for a hearing on August 22, 2017. At the hearing, defense counsel requested the appointment of conflict counsel for Mulazim,[4] and the trial court continued the matter. The hearing resumed on November 21, 2017, with newly appointed conflict counsel representing Mulazim.

At the hearing, Mulazim presented testimony from his co-defendant, Canada Quincinio. Quincinio identified an alternative perpetrator as one of the

---

[4] In certain circumstances, a defendant's allegations in support of a motion to withdraw a guilty plea may place his interests in direct conflict with those of his counsel, necessitating the appointment of conflict counsel. *See Zapata v. Commonwealth*, 516 S.W.3d 799, 803 (Ky. 2017).

participants in the armed robbery and testified that Mulazim's involvement was limited to being present in the offenders' vehicle. Based on Quincinio's testimony, as well as Mulazim's hesitation at the time he entered his *Alford* plea, the trial court granted his motion to withdraw the plea.

Trial preparation continued for several months. However, on July 18, 2018, Mulazim appeared before the trial court and entered a guilty plea. He admitted to committing the offenses of complicity to first-degree robbery (two counts), fleeing or evading police in the first degree, possession of a handgun by a convicted felon, and being a first-degree persistent felony offender. Pursuant to the plea agreement, Mulazim agreed to concurrent sentences of fifteen years' imprisonment on each robbery count, five years for fleeing or evading, and ten years for possession of a handgun by a convicted felon, enhanced by his PFO status to a total sentence of twenty years' incarceration, which would be served concurrently with the sentence from his Fayette Circuit Court case.

On February 25, 2020, Mulazim filed the underlying motion to vacate judgment pursuant to RCr 11.42, alleging that counsel had detrimentally advised him to reject the Commonwealth's original fourteen-year plea offer and hold out for a more favorable offer. He also asserted that one of his counsel improperly advised him as to a non-existent conditional plea in which his Jefferson County conviction would be vacated if the Fayette County conviction was overturned.

The Department of Public Advocacy was appointed to assist Mulazim with his motion, but elected not to supplement it.

The trial court denied the motion on February 5, 2025, concluding that Mulazim failed to show that his attorneys made any errors in their representation. To this end, it found:

> At the time of the entry of his guilty pleas, [Mulazim] was placed under oath by this Court and was asked about his satisfaction with his lawyers as well as about his constitutional rights. [Mulazim] answered these questions by stating that he was satisfied with the advice of his counsel, that he did not need any more time to confer with them, and that he had no complaints about their representation of him. He testified that no promises or assurances had been made to him by anyone other than those contained [in] the plea agreement. He acknowledged that no one had threatened or coerced him into changing his plea from not guilty to guilty. He stated that by pleading guilty, he was giving up his right to a jury trial, his right to question the witnesses who would be called at trial to testify against him, his right to remain silent, and his right to appeal. There was no hesitation in his responses to these questions. He admitted his guilt to each of the charged offenses. There is no reason for this Court to now conclude that he was untruthful while under oath and answering the Court's questions. He expressed no complaints about his attorneys' representation of him, about the plea bargain that he accepted, he never said that there was a promise made to him about withdrawing this plea if his Fayette County conviction was overturned (and it has not been overturned). He was facing a life sentence with the PFO enhancement in Jefferson County and, instead, plea bargained for a twenty-year sentence which he is serving concurrently with his Fayette County sentence.

2/09/2025 Or. at 3-4.

These appeals followed.[5]

## II.  STANDARD OF REVIEW

Not every claim of ineffective assistance of counsel merits an evidentiary hearing.  *Stanford v. Commonwealth*, 854 S.W.2d 742, 743 (Ky. 1993). The law on this issue is clear:  the trial court needs only to conduct an evidentiary hearing if (i) the movant establishes that the error, if true, entitles him or her to relief under RCr 11.42; and (ii) the motion raises an issue of fact that "cannot be determined on the face of the record."  *Parrish v. Commonwealth*, 272 S.W.3d 161, 166 (Ky. 2008).  In other words, "an evidentiary hearing is not required when the record refutes the claim of error or when the allegations, even if true, would not be sufficient to invalidate the conviction."  *Cawl v. Commonwealth*, 423 S.W.3d 214, 218 (Ky. 2014).

Where the trial court does not hold an evidentiary hearing on an RCr 11.42 motion, appellate review is limited to "whether the motion on its face states grounds that are not conclusively refuted by the record and which, if true, would invalidate the conviction."  *Lewis v. Commonwealth*, 411 S.W.2d 321, 322 (Ky. 1967) (citations omitted).  "The factual findings of the circuit court . . . are

---

[5]  Mulazim's appointed counsel filed these appeals on his behalf.  By order entered June 18, 2025, this Court granted counsels' motion to withdraw and advised Mulazim that he had sixty days to file a *pro se* appellant's brief.

reviewed only for clear error, while the application of legal standards and precedents" in the trial court's denial of an RCr 11.42 motion "is reviewed *de novo*." *Commonwealth v. Thompson*, 548 S.W.3d 881, 887 (Ky. 2018) (citing *Brown v. Commonwealth*, 253 S.W.3d 490, 500 (Ky. 2008)); *see also Commonwealth v. McGorman*, 489 S.W.3d 731, 736 (Ky. 2016).

### III. ANALYSIS

To succeed on a claim of ineffective assistance of counsel under RCr 11.42, a movant must satisfy both requirements of the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984).

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

*Id.* at 687. This "test applies to challenges to guilty pleas based on ineffective assistance of counsel." *Hill v. Lockhart*, 474 U.S. 52, 58 (1985).

Since Mulazim entered a guilty plea, a claim that he was afforded ineffective assistance of counsel requires him to show: (1) that counsel made errors so serious that counsel's performance fell outside the wide range of

-7-

professionally competent assistance; and (2) that the deficient performance so seriously affected the outcome of the plea process that, but for the errors of counsel, there is a reasonable probability that the defendant would not have pleaded guilty, but would have insisted on going to trial. *Bronk v. Commonwealth*, 58 S.W.3d 482, 486–87 (Ky. 2001). In short, "a petitioner must convince the court that a decision to reject the plea bargain would have been rational under the circumstances." *Stiger v. Commonwealth*, 381 S.W.3d 230, 237 (Ky. 2012) (quoting *Padilla v. Kentucky*, 559 U.S. 356, 372 (2010) (alteration in original)).

Additionally, to be valid, a guilty plea must represent a voluntary and intelligent choice among the alternative courses of action open to the defendant. *North Carolina v. Alford*, 400 U.S. 25, 31(1970); *Sparks v. Commonwealth*, 721 S.W.2d 726, 727 (Ky. App. 1986). "Whether a guilty plea is voluntarily given is to be determined from the totality of the circumstances surrounding it." *Rigdon v. Commonwealth*, 144 S.W.3d 283, 287 (Ky. App. 2004).

Mulazim's allegation that counsel's advice to withdraw his original *Alford* plea resulted in his receiving a longer sentence is refuted by the record. The first offer, which Mulazim originally accepted, was for fourteen years, enhanced to twenty years due to the PFO. Mulazim decided to withdraw this plea, against the advice of his original counsel. He later accepted a plea offer for an aggregate sentence of twenty years, the same amount of time he had agreed to as part of the

first plea he was allowed to withdraw. Thus, any advice he received with respect to the withdrawal of his first plea did not prejudice Mulazim.

If Mulazim had gone to trial, he would have faced the possibility of receiving a life sentence. Instead, by accepting the Commonwealth's second plea offer, he received the minimum sentence. Counsel's advice to accept the more favorable sentence was not outside the realm of competent representation.

Finally, Mulazim's claim that his plea was not voluntary is refuted by the record. The trial court gave Mulazim ample opportunity during the plea colloquy to retract his plea or inform the court of his dissatisfaction with his counsel. He also assured the court that he had not been promised anything outside the terms of his agreement, which necessarily would include any alleged promise that the invalidation of the Fayette County case would affect his plea. Put simply, the record here, including the detailed plea colloquy and written plea form, shows that Mulazim affirmed under oath that his plea was voluntary, that he understood the consequences, and that no one coerced or misled him.

## IV. CONCLUSION

Because the evidence falls short of meriting the relief Mulazim has requested, we affirm the order of the Jefferson Circuit Court.


ALL CONCUR.

BRIEFS FOR APPELLANT:

Dawan Mulazim, *pro se*
Eddyville, Kentucky

BRIEF FOR APPELLEE:

Russell Coleman
Attorney General of Kentucky

Kristin Conder
Assistant Attorney General
Frankfort, Kentucky